CARLIE CHRISTENSEN, United States Attorney (#0633)
DANIEL D. PRICE, Assistant United States Attorney (#2646)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

Attorneys for Plaintiff

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EMMERT INDUSTRIAL CORP. d/b/a EMMERT INTERNATIONAL,<br><br>　　　　Defendant. | Case No. 2:11CV00920CW<br><br>COMPLAINT<br><br>(Jury Trial Requested)<br><br>Judge Clark Waddoups |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, association with a person of another race, and retaliation, and to provide appropriate relief to Jonathon Redmon and other aggrieved persons, including John Brainich, who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Emmert Industrial Corp. d/b/a Emmert International discriminated against Mr. Redmon and other aggrieved persons, including Mr. Brainich, by creating a racially hostile work environment and discriminating against them in terms

and conditions of employment on the basis of race and association with a person of another race, and in retaliation for their complaints about the racially hostile work environment. Emmert Industrial Corp. further discriminated against Mr. Redmon by refusing to rehire him because of his race and in retaliation for his earlier complaints of racial discrimination and harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah, Central Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Emmert Industrial Corp., an Oregon corporation, was continuously doing business in the State of Utah and the City of Salt Lake City, and continuously had at least 15 employees.

5. At all relevant times, Defendant Emmert Industrial Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jonathon Redmon filed a charge with the Commission alleging violations of Title VII by Defendant Emmert Industrial Corp. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about March 2009, Charging Party Jonathan Redmon, who is African-American, and aggrieved individual John Brainich, who is Caucasian and married to an African-American woman, began working as laborers for Emmert Industrial Corp. in Salt Lake City, Utah. Mr. Redmon and Mr. Brainich were employees of Apex Staffing, a staffing agency. Emmert Industrial Corp. was working on a project to move a historic building, Odd Fellows Hall, in Salt Lake City.

8. On or about March 2009 through approximately August 2009, Defendant engaged in unlawful employment practices at its Salt Lake City, Utah worksite in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices included creating a racially hostile work environment, discriminating against Mr.

Redmon and other aggrieved individuals, including Mr. Brainich, in the terms and conditions of their employment, and refusing to rehire Mr. Redmon after a layoff because of Mr. Redmon's race, African-American, and Mr. Brainich's association with his wife, who is African-American. More specifically, these practices include, but are not limited to:

   a. Defendant's supervisors and / or other employees routinely making racially derogatory and demeaning comments and using racial slurs toward, about, and around Mr. Redmon and Mr. Brainich, including calling Mr. Redmon "nigger," telling racist jokes referring to African-Americans as "niggers" and "big niggers, lazy gorillas and pack mules," referring to employees as being "lazy as a nigger," saying that a Caucasian employee "jumped better than a nigger", telling Mr. Redmon that an employee's initials, "K.K", stood for "Ku Klux" and that "the South will rise again," and saying "nigger please" when Mr. Redmon would arrive at work;

   b. Defendant's supervisors and / or other employees making crude, racially offensive comments referring to Mr. Brainich and his marriage, including saying that he was "pumping coal" and asking Mr. Brainich, "Are you a nigger?" when asked coworkers and supervisors to not use racially derogatory language;

c. Defendant subjecting Mr. Redmon and Mr. Brainich to closer scrutiny and harsher discipline because of race and association with a person of another race, respectively;

d. Defendant's supervisors and employees taking bets regarding whether Mr. Redmon would return to work to be subjected to further abuse; and

e. Defendant's refusal to rehire Mr. Redmon because of his race after a brief layoff, even though all the other Apex Staffing employees were rehired.

9. Since at least March 2009, Defendant Emmert International has engaged in unlawful employment practices at its Salt Lake City, Utah work site, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include retaliating against Jonathan Redmon and other aggrieved individuals, including John Brainich, after their complaints regarding Defendant's racially hostile work environment and discriminatory treatment. Defendant's retaliatory treatment included, but was not limited to:

a. After Mr. Redmon complained to an Emmert supervisor, the supervisor told Mr. Redmon that he was being "paid damn good money" and that if Mr. Redmon didn't like the racial "jokes" he could "get the fuck off [his] worksite;"

b. After Mr. Redmon complained to Apex Staffing and Apex found that "an environment existed in which inappropriate racial commentary and conversation took place in an open and continuous manner," Defendant

5

began monitoring Mr. Redmon and Mr. Brainich closely, creating a record against them, segregating them from other employees, and disciplining them more harshly than other employees; and

    c. After a brief layoff due to a contract dispute, which was also after Mr. Redmon's complaints of discriminatory treatment, Defendant rehired all of the Apex staffing employees except Mr. Redmon and refused to rehire Mr. Redmon because of his complaints.

10. The effect of the practices complained of in paragraphs 8-9 above has been to create an unlawful hostile work environment.

11. The effect of the practices complained of in paragraphs 8-9 above has been to deprive Mr. Redmon and other aggrieved individuals, including Mr. Brainich, of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for their activities protected by Title VII when they opposed racial harassment.

12. The effect of the practices complained of in paragraphs 8-9 above has been to deprive Mr. Redmon and other aggrieved individuals, including Mr. Brainich, of equal employment opportunities and otherwise adversely affect their status as employees because of race or association with a person of another race.

13. The unlawful employment practices complained of in paragraphs 8-9 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8-9 above were done with malice or with reckless indifference to the federally protected rights of Mr. Redmon and other aggrieved individuals, including Mr. Brainich.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Emmert International, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from:

   a. harassing employees based on their race or their association with someone of another race;

   b. permitting the existence of a racially hostile work environment;

   c. retaliating against employees because of activity protected under Title VII;

   d. discriminating against employees because of race or their association with someone of another race; and

   e. any other employment practice which discriminates against any individual in violation of Title VII.

B. Order Defendant Emmert International to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and those associated with African-Americans and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant Emmert International to make whole Mr. Redmon and other aggrieved individuals, including Mr. Brainich, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 8-9 above, in amounts to be determined at trial.

D. Order Defendant Emmert International to make whole Mr. Redmon and other aggrieved individuals, including Mr. Brainich, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-9 above, in amounts to be determined at trial.

E. Order Defendant Emmert International to make whole Mr. Redmon and other aggrieved individuals, including Mr. Brainich, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8-9 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Emmert International to pay Mr. Redmon and other aggrieved individuals, including Mr. Brainich, punitive damages for its malicious and reckless conduct described in paragraphs 8-9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

# **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 29th day of September, 2011.

>    */s/ Daniel D. Price*
>    DANIEL D. PRICE
>    Assistant United States Attorney

OF COUNSEL:
Mary Jo O'Neill, AZ Bar # 005924
Andrea G. Baran, MO Bar # 46520
James Driscoll-MacEachron, AZ Bar # 027828
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5043
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
andrea.baran@eeoc.gov
james.driscoll-maceachron@eeoc.gov