# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:11CV00920 CW |
| AND | ) ) | |
| JONATHON REDMON, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| EMMERT INDUSTRIAL CORP. d/b/a EMMERT INTERNATIONAL, | ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

## I. RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission

("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging

that Jonathan Redmon, an employee of Apex Staffing who worked for Defendant Emmert

Industrial Corporation dba Emmert International ("Emmert") on the Odd Fellows project, was

subjected to a racially hostile work environment and that John Brainich, who also was an

employee of Apex Staffing who worked for Emmert on the Odd Fellows project, was subjected

to a hostile environment because of his association with Mr. Redmon and that Mr. Redmon was

1

retaliated against after complaining of race discrimination. Emmert denies all of these allegations.

2. The Parties to this Decree are the Plaintiff EEOC, Plaintiff-Intervenor Jonathan Redmon, Emmert, and for purposes of the releases and commitments set forth herein and the acknowledgements contained in paragraphs 8, 10, 11 and 15 hereof, John Brainich.

3. The Parties, desiring to settle this action by a Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties agree to the power of this Court to enter an enforceable Consent Decree.

4. The Parties hereto are capable of resolving their differences at trial on the merits. However, in the spirit of compromise as well as to avoid spending additional time and money in litigation, the parties agree to settle their disputes and differences pursuant to the terms of this Consent Decree. Neither the Parties' execution of, nor their respective performance of, any term of this Decree shall constitute or be construed as an admission of any liability or of any facts, claims or defenses asserted in any litigation, nor should such inferences be drawn herefrom.

5. As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6. The parties agree that this Consent Decree is reasonable.

7. For the purpose of amicably resolving disputed claims and in the interest of avoiding spending additional time and money in litigation, the Parties jointly agree and request this Court to order as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**8.**     The Parties stipulate to the jurisdiction of this Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. ISSUES RESOLVED

**9.**     The foregoing Recitals are incorporated in full herein by this reference.

**10.**     This Decree resolves all of the claims that were alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Plaintiffs' claims arising from the charge of discrimination and the allegations of racial discrimination, racial harassment, and retaliation underlying this lawsuit.

**11.**     None of the Parties hereto, including any of their officers, agents, employees, successors, and all other persons in active concert or participation with any of them, will interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## IV. MONETARY PAYMENT

**12.**     The Parties acknowledge and agree that terms of this Decree are not conditioned upon anyone's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive any statutory right in the future to file a charge or claim with any federal or state anti-discrimination agency based on claims accruing after the entry of this Decree; or (c) any promise not to reapply for a position at any facilities or work sites.

**13.**     Emmert shall pay a total of $180,000. The payment shall be allocated as follows, as determined between and among Jonathan Redmon, John Brainich, and their respective legal counsel:

To Jonathan Redmon: $135,000.00 as compensatory damages (including payment by Redmon of attorney's fees to his private attorney based on Redmon's agreement with that attorney).

To John Brainich: $45,000.00 as compensatory damages

**14.** The foregoing payments shall be mailed to the payee(s) (or, with respect to Jonathan Redmon, to his legal counsel Victor Sipos) at addresses provided by the EEOC (or, with respect to Jonathan Redmon, to the address of Mr. Sipos' law offices) within ten (10) days after the Court's entry of this Decree, with copies of the checks concurrently mailed or emailed to the EEOC. Emmert will issue to Jonathan Redmon and/or John Brainich, if required by Internal Revenue Service ("IRS") rules or regulations, an IRS Form-1099 or other required document(s). Jonathan Redmon and John Brainich are solely responsible for any tax consequences as a result of the payment to them by Emmert as set forth above.

## V.    OTHER TERMS

**15.** Emmert shall expunge from its files any reference to alleged performance deficiencies or termination relating to Jonathan Redmon or John Brainich, If Emmert does not have any documents containing such references, it need take no further action with regard to any files it may have relating to either Jonathan Redmon or John Brainich.

## VI.  EQUITABLE RELIEF

### A.    *Compliance with Title VII*

**16.** Emmert, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, agree to comply with the requirements of Title VII of the

Civil Rights Act of 1964, as amended, including its prohibitions regarding race discrimination and retaliation.

**B.**    *Anti-discrimination Policy; Training*

**17.**    Emmert shall maintain a policy proscribing discrimination based on race, and proscribing retaliation against any employee[1] who complains about discrimination, requests disability or religious accommodation, or files a charge of discrimination ("Anti-Discrimination Policy"). To the extent it does not already do so, the Anti-Discrimination Policy shall contain a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Emmert that they believe they or other employees have been subjected to unlawful discrimination and/or retaliation. Emmert shall post and keep posted for the duration of this Decree, at its headquarters currently located in Clackamas, Oregon, and at its worksites in a conspicuous place frequented by employees, a copy of the Anti-Discrimination Policy. If Emmert is present at a worksite for less than two consecutive weeks, it does not need to post a copy of the Policy at that worksite during that time. Emmert shall provide a copy of the Anti-Discrimination Policy to all employees new within ten (10) days of their hire.

**18.**    Emmert shall maintain a policy encouraging employees to report to a member of management any conduct believed to be discriminatory and making clear that such reports of alleged discriminatory conduct will be subjected to a full and fair investigation. Emmert agrees to maintain an open door policy for reporting discrimination, and will identify a specific agent or hierarchy of agents who are to receive, document, and investigate complaints—both oral and

---

[1] The term "employee" as used throughout this Decree includes employees of staffing agencies who are working under Emmert's direction and control.

written. This policy will, at minimum, include at least one onsite member of management and at least one member of management at corporate headquarters responsible for receiving complaints of discrimination. The mechanism for reporting discrimination shall be set forth in the aforementioned Anti-Discrimination Policy. The Anti-Discrimination Policy shall include explicit instructions for making complaints of discrimination, including the identity the person or persons who may receive complaints, the contact information for such person or persons, and an assurance that employees will not be penalized for making a complaint of discrimination.

**19.** Emmert shall promptly, reasonably, and appropriately investigate and document all complaints of discrimination. Emmert shall not retain documents related to the investigation in any of the complainant's personnel files. These documents, instead, will be retained in a separate secure location. All disciplinary actions taken against employees for violation of Emmert's Anti-Discrimination Policy will be retained in the violator's personnel file.

**20.** Within ninety (90) days of entry of this Decree, Emmert shall provide one-time training for all managers and supervisors[2] for ninety (90) minutes (either in one location, or in multiple locations, as determined by Emmert). Emmert's management will be trained at a minimum in the following areas: (a) Emmert's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct that may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; (d) Emmert's non-retaliation policy; and (e) Emmert's procedures for handling complaints of discrimination. Training may be by live presentation, online interactive training, and/or computer training, or any combination thereof.

---

[2] Who constitutes "managers" and "supervisors" shall be determined based on the relevant law and by Emmert in the exercise of its reasonable business judgment..

**20.1.  Human Resource Employees:** Emmert will require all individuals who work

in a Human Resource capacity to receive additional one-time training of at least six (6)

hours regarding Title VII of the Civil Rights Act of 1964 and other federal anti-

discrimination laws and on how to conduct and document an investigation involving a

complaint of discrimination.

**20.2**  Non-Managerial Employees: Emmert will provide non-managerial employees an

annual manager-led training of at least fifteen minutes in length on the prohibitions

against race discrimination and retaliation under Title VII or as described in the Anti-

Discrimination Policy described in paragraphs 17 and 18. Training may be by live

presentation, online interactive training, and/or computer training, or any combination

thereof.

**21.**  Within twenty (20) business days after the Court's entry of this Decree, Emmert shall

post in each of its worksites, in a conspicuous place frequented by employees, the Notice

attached as Exhibit A to this Decree.  The Notice shall be the same type, style, and size as set

forth in Exhibit A.  If Emmert is present at a worksite for less than two consecutive weeks, it

does not need to post a copy of the Notice  at that worksite during that time. Emmert shall certify

to the Commission, in writing, within thirty (30) days of entry of this Decree that the Notice has

been properly posted.

**C.  Review of Policies and Performance of Training**

**22.**  Emmert agrees to engage Akin Blitz of the Portland, Oregon employment law firm of

Bullard Law to review Emmert's Anti-Discrimination Policy to ensure its compliance with the

foregoing provisions of this Decree and to provide whatever additional input he determines in his

7

own judgment to provide. Mr. Blitz or another attorney at Bullard Law designated by Mr. Blitz shall perform the training called for by this Decree.

## VII. RECORD KEEPING AND REPORTING PROVISIONS

**23.** For a period of two years from the date of entry of this Decree, Emmert shall maintain all records relating to employment actions and practices with respect to the following:

    **23.1** Applications;

    **23.2** Personnel files;

    **23.3** Payroll records;

    **23.4** Job Postings;

    **23.5** Work schedules;

    **23.6** Records from temporary staffing agencies;

    **23.7** Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**24.** Emmert shall provide annual reports to the Commission of all complaints of discrimination or retaliation. The annual report will include information regarding complaints of discrimination and/or retaliation as well as information on the training required under this Decree and the Notice required under this decree. The reports shall be due within thirty (30) days following the first annual anniversary of the entry of this Decree and within four weeks prior to the date on which this Decree is to expire.

    **24.1** For each training program required under this decree, Emmert will provide the following information: (a) a reasonably detailed agenda; (b) copies of all

training material provided to or utilized by the trainer or trainers; (c) the name
and affiliation or source of each training; and a record of who received the
training either by registry of attendance or copies of certificates of
completion.

    **24.2**   In each annual report, Emmert shall recertify that the Notice required to be
posted under this Consent Decree has remained posted during the reporting
period.

## VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**25.**    This Decree resolves this litigation. This Court shall retain jurisdiction of this cause for
purposes of compliance with this Decree.

**26.**    There is no private right of action to enforce Emmert's obligations under this Decree and
only the EEOC may seek in this Court to enforce compliance with the terms of this Decree.

**27.**    The EEOC may petition this Court for an order seeking compliance by Emmert with the
terms of this Decree at any time during which this Court maintains jurisdiction over this Decree.
Before doing so, however, the EEOC shall notify Emmert that the EEOC believes Emmert has
failed to comply with the Decree and Emmert thereafter shall have fourteen (14) working days to
cure any non-compliance alleged by the EEOC. Should the Court determine that Emmert has not
complied with the terms of this Decree and thereafter failed to timely cure any non-compliance,
appropriate relief may be ordered by this Court.

**28.**    Absent extension, this Decree and Emmert's obligations set forth herein shall expire at
the end of the twenty-four months from the date this Court signs this Consent Decree without
further action by the Parties.

## IX.  EEOC AUTHORITY

**29.**    This Decree shall in no way limit the powers of the EEOC to seek to eliminate

employment practices or acts made unlawful by any of the statutes over which the EEOC has

enforcement authority, save what is set out in paragraph 10 above.

## X.  COSTS AND ATTORNEY'S FEES

**30.**    Each party shall be responsible for and shall pay its own costs and attorney's fees, except

as provided in paragraph 13.

## XI.  RELEASES OF CLAIMS

**31.**    Jonathan Redmon and John Brainich each hereby release and forever discharge Emmert,

as well as any and all of Emmert's current and former employers, officers, directors, managers,

employees, agents, representatives, related entities, owners, affiliates and attorneys from and

against any and all claims, charges, complaints, demands, and causes of action, whether legal or

equitable, arising from the charge of discrimination and the allegations of racial discrimination,

racial harassment, and retaliation underlying this litigation. Jonathan Redmon and John Brainich

will each sign the release attached as Attachment B and return it to counsel for Emmert within

ten (10) days of the entry of this Decree.

## XII.  NOTICE

**32.**    Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

Regional Attorney
EEOC Phoenix District Office
3300 N. Central Avenue, Ste. 690
Phoenix, AZ  85012

## XIII.  SIGNATURES

**33.**     The parties agree to the content of this Decree and its entry subject to final approval by

the Court.

SO ORDERED this 31st day of _____December_____, 2012.

BY THE COURT:

United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _Mary Jo O'Neill_
Mary Jo O'Neill
Regional Attorney

Date: _12/17/12_

By: _Jonathan Redmon_
Jonathan Redmon
Plaintiff-Intervenor

Date: _12/17/12_

EMMERT INDUSTRIAL CORP.

By: _Terry Emmert_
Terry Emmert
Owner President

Date: _12-07-2012_


APPROVED AS TO FORM:

_James Driscoll-MacEachron_
James Driscoll-MacEachron
William Moench
Trial Attorneys
EEOC
3300 N. Central Avenue, Ste. 690
Phoenix, AZ 85012

Attorneys for Plaintiff EEOC

_Mark F. James_
Mark F. James
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Attorneys for Defendant Emmert Industrial
Corporation dba Emmert International

**Victor Sipos**
Digitally signed by Victor Sipos
DN: cn=Victor Sipos, o=Utah Litigation Center, ou,
email=sipos@utahlitigation.org, c=US
Date: 2012.12.18 09:22:25 -07'00'

Victor Sipos
10421 S. Jordan
Gateway #600
South Jordan, UT 84095

Attorney for Plaintiff-Intervenor
Jonathan Redmon

12

## ATTACHMENT A

## <u>NOTICE</u>

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate based upon the race, color, or national origin of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Emmert Industrial Corp. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Emmert Industrial Corp. reaffirms its commitment to complying with Title VII of the Civil Rights Act of 1964.

Any employee who believes that he/she has suffered discrimination has the right to contact the EEOC directly at 1-800-669-4000. No official at Emmert Industrial Corp. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

Emmert Industrial Corporation

By: _____  _12-07-2012_
                                        Date

# ATTACHMENT B

In consideration for $ _____ paid to me by Emmert Industrial Corp.,. d.b.a. Emmert International ("Emmert"), in connection with the resolution of *EEOC v. Emmert Industrial Corp. d/b/a Emmert International*, I waive my right to recover for any claims of racial harassment, racial discrimination, and/or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Emmert prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Emmert Industrial Corp. d/b/a Emmert International*.


Date: _____                    Signature: _____